# THE STATE OF NORTH DAKOTA, Respondent, v. SAMUEL GREINER, Appellant.

### (207 N. W. 226.)

**Error — evidence examined and no reversible error in admitting evidence found.**

1. For reasons stated in the opinion, it is held that the trial court committed no reversible error in excluding or admitting evidence.

**Instructions — instructions found to be correct.**

2. For reasons stated in the opinion it is held that the instructions of the trial court are correct.

**Criminal law — excluding evidence tending to prove fact not in dispute or previously proved without dispute, held not prejudicial error.**

3. Under the facts in this case, it is held that the error in excluding evidence which tends to prove a fact not in dispute, or which has been previously proved without dispute, is not prejudicial.

---

Note.—(3) Erroneous exclusion of evidence subsequently admitted not prejudicial error, see 2 R. C. L. pp. 253, 255; 1 R. C. L. Supp. 478; 4 R C. L. Supp. 98; 5 R. C. L. Supp. 88; 6 R. C. L. Supp. 82.

(5) Instruction to jury as to interest of witness in criminal case, see 14 R. C. L. 734, 741; 3 R. C. L. Supp. 271.

Criminal law — it is not prejudicial error where objection to question is erroneously sustained, same question being put to witness in substantially same form and answered later in trial.

4. Where an objection to a question is erroneously sustained, but the question is later put to the witness in substantially the same form and he is permitted to answer, the error is nonprejudicial.

Criminal law — not error to instruct jury in criminal case that they may consider interest of witness, if any, in result of litigation.

5. It is not error to give a general instruction to the jury in a criminal case that they may consider the interest, if any, of the. person testifying in the result of the litigation. The instruction is equally proper although the defendant becomes a witness in his own behalf.

Opinion filed January 25, 1926.

Criminal Law, 16 C. J. § 2440 p. 1015 n. 80; § 2445 p. 1020 n. 41; 17 C. J. § 3657 p. 312 n. 44; § 3680 p. 335 n. 9; § 3682 p. 337 n. 27; § 3683 p. 337 n. 35. Intoxicating Liquors, 33 C. J. § 550 p. 794 n. 90.

Appeal from the District Court of Ramsey County, *Buttz, J.*

The defendant was convicted of the crime of engaging in the liquor traffic.

Affirmed.

*Romanus J. Downey,* for appellant.

"The court cannot be justly criticised for commenting upon the misconduct of counsel, if such comment is warranted, but an unwarranted intimation that counsel is pursuing an unfair course in the trial is prejudicial and will justify a reversal." McIntosh v. McIntosh (Mich.) 44 N. W. 592; Wheeler v. Wallace (Mich.) 19 N. W. 33.

The credibility of the witness and the weight and sufficiency of the evidence are subjects peculiarly in the province of the jury and instruction on such subjects are erroneous as invading the province of the jury. Babb v. State, 18 Ariz. 505, 163 Pac. 259; State v. Chorez, 19 N. M. 325, 14 Pac. 922; Gribble v. State (Tex.) 210 S. W. 215.

In a criminal case the trial judge should refrain from all comment which tends to indicate his opinion as to the weight of the evidence. Drinkwater v. State, 169 N. W. 285; Dejarnette v. Com. 75 Va. 887; State v. Harkin, 7 Nev. 377; Fuhrman v. Mayor, 54 Ala. 263; Tampe v. Kennedy, 60 Wis. 110.

Any comment or remark, or any instruction given the jury, which lead the jury by a fair inference to a conclusion that the opinion of the judge upon a fact material to the issue was either in favor of or against either of the parties is clearly within the inhibition of the law, and such remark or such instruction is a reversible error. State v. Richardson, 179 Iowa, 770.

*George F. Shafer,* Attorney General, and *H. W. Swenson,* State's Attorney, for respondent.

Where liquor found in possession of accused is of character prohibited by statute, the state need not prove alcoholic contents or that it is intended for beverage purposes. State v. Schuck, 201 N. W. 342; State v. Gates, 204 N. W. 350; Strada v. United States (C. C. A.) 281 Fed. 143.

An instruction to the jury that they may consider the relations of parties and witnesses, and their interest, temper, bias, demeanor, intelligence and credibility in testifying, is no violation of the constitutional provision prohibiting judges from charging juries with respect to matters of fact and commenting thereon. 14 R. C. L. p. 741; Klepsch v. McDonald, 4 Wash. 436, 31 Am. St. Rep. 936.

JOHNSON, J.    The defendant was convicted on an information charging him with engaging in the liquor traffic by unlawfully selling intoxicating liquor. Judgment was pronounced on the verdict and a motion for a new trial denied. The defendant appeals from the order denying his motion for a new trial and from the judgment.

The testimony of the state's witnesses tends to show that in April 1925, the defendant sold seven bottles of a liquid which they described as beer. The defendant does not dispute that the sale was made, but says that the liquid was nonintoxicating malt. Giving him the benefit of every inference, which the most liberal interpretation permits us to draw from his own testimony, his claim is that the liquid, which he says was malt, was not only nonintoxicating, but that it contained less than one half of one per cent of alcohol by volume. The state's witnesses testified, somewhat more explicitly than the defendant, not only that the liquid was strong beer, but that it contained more than one half of one per cent of alcohol by volume. They based their testimony not upon a chemical analysis, but upon the fact that they had

smelled and drunk the liquor and had had experience previously which enabled them to say that the liquid was beer, and that it contained more than the minimum quantity of alcohol permitted under the. statute.

The court instructed the jury that if the liquor was beer, it was intoxicating liquor, within the definition of the statute; that if it was not beer, but was a malt liquor fit and intended for use for beverage purposes and contained more than one half of one per cent of alcohol by volume, it would likewise be intoxicating liquor, within the definition of the law. The court then said, in substance, that if the jury found that the liquor was beer, or that, if it was a malt or fermented liquor, it was fit or intended for use for beverage purposes and contained more than one half of one per cent of alcohol by volume, then the defendant would be guilty of engaging in the liquor traffic. This was correct. State v. Schuck, 51 N. D. 875, 201 N. W. 342; Sess. Laws 1923, § 1, chap. 268, as amended by Sess. Laws 1925, chap. 175. The court then gave the instruction in the negative form. That the liquor was fit and was intended for use for beverage purposes is wholly undisputed. This instruction is, in the circumstances, clearly correct under chapter 268, .Sess. Laws 1923, § 1, as amended by chapter 175, Sess. Laws 1925. The instruction correctly stated the theory of the defense and the triers of fact were advised that if the beverage was not fit or intended for use for beverage purposes, or contained less than one half of one per cent, if fit for use for beverage purposes, and was not beer, they must find the defendant not guilty.

The defendant assigns errors upon the rulings of the court in admitting and excluding evidence; remarks of the court during the course of the trial; and the instructions to the jury.

First, considering the rulings on the admission or exclusion of evidence, we note specifications five and six. In both instances the same question, or substantially the same question, was later put to the witness and the witness was permitted to answer. See Ruddick v. Buchanan, 37 N. D. 132, 163 N. W. 720; State v. Moeller, 24 N. D. 165, 138 N. W. 981. With reference to specifications seven and eight, where complaint is made on the ground that the court did not permit the defendant to testify as to the nonintoxicating quality of the liquid sold, it is enough to say that this witness later testified, in substance,

that the liquid was non-intoxicating and contained less than one half of one per cent of alcohol by volume. See Ruddick v. Buchanan and State v. Moeller, supra. Specification nine alleges error because the defendant was not permitted to answer this question, "Do you sell to anyone that comes there." The question was clearly immaterial and the objection was properly sustained. Manifestly, it would be no defense to prove that the defendant sold promiscuously to all applicants. With reference to specifications eleven and twelve, where the court permitted the state to inquire of the defendant why he did not live at his own house instead of at the house of one Mrs. Waltham, where the sale took place, and where the stuff was manufactured, we believe no prejudice resulted, even if the matter elicited be held immaterial. The defendant, moreover, had testified that he lived in his own house; on cross-examination the state asked him the questions to which objection was made. It was permissible to show that he was mistaken, or had testified incorrectly, and the questions were proper as bearing upon his credibility.

Specification 13 is based upon the ruling of the court in sustaining an objection made by the state, upon the ground that it was irrelevant, incompetent and immaterial, to the following question asked of Mrs. Waltham, in whose house the defendant lived and where the liquid was manufactured and sold: "And how did you make that? "It may be conceded that the defendant should have been permitted to offer any proper testimony tending to establish the defense that the liquid sold was malt, that it contained less than the statutory minimum of alcohol, and that the method of manufacture could have been shown. We believe that the error in excluding this question is not prejudicial and that a reversal on this ground would be wholly unjustifiable. The defendant himself had just explained how the stuff was made; no exception had been taken to this testimony; and, in fact, it appears clearly in the record that the manner and method of making the stuff and the ingredients used, were not in dispute or controversy. In such circumstances the error in excluding the evidence is without prejudice. The fact which the evidence excluded tended to prove had been previously proved without dispute. See State v. Reilly, 25 N. D. 339, 141 N. W. 720; State v. Lamb, 39 S. D. 307, 164 N. W. 69; Wipper-

man Mercantile Co. v. Robbins, 23 N. D. 208, 135 N. W. 785, Ann. Cas. 1914D, 682; 2 R. C. L. 253.

The tenth specification is based upon remarks made by the trial court. Counsel for the defendant had inquired whether the premises had been searched for intoxicating liquor. An objection to this had been sustained by the court. The defendant then asked the witness: "On the night of April 27, was the sheriff and other officers—" whereupon the court interrupted and said "Don't pursue that course any more. I have ruled against that three or four times. Take notice of that. Don't do that." Counsel did not indicate what purpose he had in view by the inquiry commenced. We think, in the circumstances, the trial court was justified in inferring that counsel intended to ask substantially the same question which had just been excluded and that the remarks were not prejudicial. It was an admonition not to pursue an examination which the court had held improper. If counsel had something else in mind and if he had so indicated, he would doubtless have been permitted to proceed.

The assignments of error based on the instructions to the jury are clearly without merit. The rule has been frequently applied in this court that the charge must be considered as a whole. Error cannot ordinarily be predicated upon isolated sentences. Examined in the light of this rule, the instructions of the trial court clearly and fairly state the law, applicable to the theory of the prosecution and to that of the defense. We have sufficiently summarized the instructions. There was no error in this respect. The instructions are fair and fully cover the legal aspects of the case.

Error is alleged upon the instruction that the jury might take into consideration, in passing upon the weight of the evidence and the credibility of the witnesses, "their interest, if any, has been shown, in the result of the law suit." This is a part of a general instruction and is clearly correct. 14 R. C. L. 741; 1 Blashfield, Instructions to Juries, § 348.

Finding no error in the record, the judgment of the trial court is affirmed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.